THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH H. MCCRETTON, Appellant.— Order unanimously modified in accordance with Memorandum and as modified affirmed. Memorandum: On his plea of guilty to murder, second degree, in 1951 defendant received a sentence of 60 years to life. Within a short period after his admission to Attica Prison he was transferred to Dannemora State Hospital and has spent a substantial period of his incarceration in that and similar institutions for the criminally insane. In his *coram nobis* petition defendant urges that he was insane at the time of the commission of the homicide and requests a hearing on this issue. Testimony was taken at the hearing relating solely to determining whether defendant "was in such a mental condition that he could understand the proceedings." Defendant contended that he could understand the proceedings and insisted upon his right to a hearing on his petition. He testified in his own behalf and a reading of his testimony impresses us that he gave no indication that his mental condition was so impaired as to prevent him from understanding the proceedings. The record further indicates that six weeks before the hearing the examining psychiatrist at Dannemora expressed the opinion that defendant "was in such a condition that he could participate in a hearing." The People admit this but put into evidence the affidavits of two of the hospital's psychiatrists asserting that an examination approximately three weeks before the hearing date demonstrated that defendant was not of such mentality as to assist in his own behalf at the hearing. These affidavits were the usual printed forms used at Dannemora with typed inserts referring specifically to defendant. There was, of course, no opportunity for cross-examination of the psychiatrists and Special Term stated that it felt bound by the affidavits, and upon the authority of *People* v. *Booth* (17 N Y 2d 681) and *People* v. *Harrison* (28 A D 2d 1097) remanded defendant to Dannemora for further treatment, without prejudice to a renewal of the *coram nobis* hearing immediately upon the opinion of the psychiatrists of the institution that he could understand the nature of the proceedings. The record and all the circumstances surrounding this defendant require, in the interests of justice, an examination by one or more duly qualified psychiatrists not members of the Dannemora staff to determine defendant's competency to participate in the *coram nobis* proceedings. The People should make the necessary arrangements for such examination at the earliest date, after which another hearing should be held in Ontario Supreme Court to review the matter and to make such an order as the proof requires. (Appeal from order of Ontario Special Term, holding *coram nobis* hearing in abeyance.) Present — Goldman, P. J., Del Vecchio, Gabrielli, Moule and Henry, JJ.